UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA LOPEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2460 |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON and CHART INDUSTRIES | § | |
| GROUP DISABILITY INCOME POLICY, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion to partially dismiss plaintiff Rebecca Lopez's original complaint filed by defendant Liberty Life Assurance Company of Boston ("Liberty"). Dkt. 7. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

This case relates to the alleged wrongful denial of long-term disability benefits under a plan governed by the Employee Retirement Income Security Act ("ERISA"). Lopez began work as an accounts payable clerk at Chart Industries ("Chart") in November 2007. Dkt. 1. Liberty was Chart's insurer for a plan providing insurance for long term disability benefits. *Id.* Liberty was also the claims administrator for the plan. *Id.* Lopez fell at her home in November 2009, and a CT scan of her back following the fall allegedly revealed that she had severe spinal stenosis. *Id.* Her physician also allegedly suspected a meningioma—a type of tumor. *Id.* Lopez, however, continued to work at Chart. *Id.* In November 2010, Lopez visited a physician who allegedly noted that she had a spinal cord tumor and recommended surgery. *Id.* Lopez began Family Medical Leave Act leave from

Chart in November 2010 and underwent surgery to remove the spinal cord tumor on November 24, 2010. *Id.* She applied for short-term disability, was approved, and received payments beginning in December 2010. *Id.*

Lopez also applied for long-term disability benefits. *Id.* Liberty initially approved her claim. *Id.* However, in August 2011, after further investigation, Liberty denied Lopez's long-term disability claim. *Id.* Lopez appealed the denial on September 29, 2011. *Id.* Liberty denied the appeal on February 2, 2012. *Id.* Lopez claims that Liberty failed to provide or conduct a full and fair review of her claim, disregarded evidence of her disability, ignored or failed to consider documented medical evidence supporting her disability, failed to consider evidence provided by Chart supporting her disability, failed to consider her Social Security award and the factual basis for that award, failed to have the medical evidence reviewed by a competent and non-biased third party, ignored evidence from Lopez's physicians supporting her disability, terminated her benefits without substantial evidence to support its decision, failed to apply the terms of the policy as written, failed to follow its own claims administration rules and guidelines, and terminated Lopez's benefits in order to enhance its profits, notwithstanding her continued disability. *Id.*

Lopez filed the instant lawsuit on August 22, 2013. *Id.* She asserts that Liberty directly violated the terms of the ERISA plan when it terminated her long-term disability benefits and that Liberty failed to properly and thoroughly investigate her claim as required by ERISA. Lopez asserts that Liberty's decision to terminate her benefits was arbitrary and capricious, and Lopez seeks to recover her terminated long-term disability benefits and further reinstate her benefits pursuant to section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)). *Id.* She additionally requests "other equitable relief" pursuant to section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) because Liberty, which Lopez claims had a fiduciary duty to act in her best interests, allegedly was unjustly enriched

2

by wrongfully denying her benefits. *Id.* Lopez is seeking disgorgement of all ill-gotten gains and a surcharge against Liberty to make her whole under section 502(a)(3). *Id.*

Liberty filed a motion to dismiss Lopez's section 502(a)(3) claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. Liberty argues that Lopez cannot maintain a claim for equitable relief under section 502(a)(3) because she has adequate redress under section 502(a)(1)(B). *Id.* Lopez argues that Liberty's motion to partially dismiss ignores controlling U.S. Supreme Court and Fifth Circuit authority.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted). The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

### III. ANALYSIS

Both of Lopez's claims are asserted pursuant to section 502(a) of ERISA. Section 502(a) of ERISA states:

> **Persons empowered to bring a civil action**
> A civil action may be brought—
> (1) by a participant or beneficiary—
> (A) for the relief provided for in subsection (c) of this section, or
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms or the plan, or to clarify his rights to future benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for the appropriate relief under section 1109 of this title;
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)-(3). Lopez seeks to recover her terminated long-term disability benefits and reinstatement of her benefits under section 520(a)(1)(B) (section 1132(a)(1)(B)). Dkt. 1. She also seeks equitable relief under section 502(a)(3) (section 1132(a)(3)). *Id.*

In *Varity Corp. v. Howe*, the U.S. Supreme Court determined that section 502(a)(3) is a "'catchall' remedial section" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S. Ct. 1065 (1996). In *Rhorer v. Raytheon Engineers & Constructors, Inc.*, the Fifth Circuit interpreted *Varity* as holding that "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs & Constructors, Inc.* 181 F.3d 634, 639 (5th Cir. 1999), *abrogated on other grounds by CIGNA Corp. v. Amara*, ___ U.S. ___, 131 S. C. 1866, 1877 (2011). Thus, under

*Varity* and *Rhorer*, Lopez may not bring a claim under section 502(a)(3) because she has a remedy available under section 502(a)(1)(B).

Lopez argues, however,(1) that new Supreme Court authority and Fifth Circuit authority makes it inappropriate to dismiss section 502(a)(3) claims simply because a plaintiff is seeking monetary damages; and (2) that the court should allow her to maintain her claim under both subsections to allow time for her to develop trial strategy and preserve alternative ground for relief. Dkt. 9. The court addresses these arguments *seriatim*.

**A.    New Authority**

Lopez argues that the U.S. Supreme Court overruled this narrow interpretation of section 502(a)(3) in *Cigna Corp. v. Amara* and that the Fifth Circuit held in *Gearlds v. Entergy Services, Inc.* that it is no longer proper to dismiss claims under section 502(a)(3) simply because the plaintiff is seeking monetary damages. Dkt. 9. In *Amara*, the U.S. Supreme Court held that section 502(a)(1)(B) did not provide relief for beneficiaries of a plan who had been misled by a plan summary because they were not seeking to "'recover benefits due . . . under the terms of [their] plan.'" *Amara*, 131 S. Ct. at 1876-77. Rather, they were seeking to recover benefits due under the terms of the plan summary. *Id.* The Court, however, noted that the plan beneficiaries were actually seeking a monetary remedy for a loss resulting from breach of fiduciary duty (to prevent unjust enrichment), known as a "surcharge," and reasoned that this type of equitable relief—though monetary—is available under section 502(a)(3). *Id.* at 1880. The Court remanded the case so that the district court could consider whether "other appropriate equitable relief" should be imposed. *Id.*

In *Gearlds*, the Fifth Circuit considered whether a district court erred in dismissing a claim for breach of fiduciary duty under section 502(a)(3) because the plaintiff sought only monetary damages, which the district court concluded was not an available equitable remedy under section

5

502(a)(3). *Gearlds v. Entergy Servs., Inc.* 709 F.3d 448, 449-50 (5th Cir. 2013). The plaintiff in *Gearlds* was on long-term disability for several years, but those benefits ended because he was no longer deemed disabled. *Id.* at 449. His employer did not officially terminate his employment after his long-term disability ended, but it did not pay him either. *Id.* Three years later, the plaintiff took early retirement. *Id.* When his employer calculated his early retirement benefits under their plan, it erroneously believed that the plaintiff had been receiving long-term disability benefits for the previous three years. *Id.* Under this incorrect assumption, the employer determined that the plaintiff was entitled to medical coverage as part of his early retirement package. *Id.* If the three years had not been included, the plaintiff would not have been entitled to medical coverage. *Id.* When the employer realized there was an error, it advised the plaintiff that his medical coverage would cease. *Id.* at 450. The plaintiff filed suit under section 502(a)(3) of ERISA, and he sought past and future medical expenses, interest, attorneys' fees, costs, and any other relief to which he was entitled. *Id.* The district court determined that the monetary damages the plaintiff sought were not available under section 502(a)(3). *Id.* On appeal, the Fifth Circuit noted that until *Amara* it had generally been accepted that monetary damages were not within the scope of section 502(a)(3). *Id.* The Fifth Circuit stated that under *Amara*, a determination of whether the damages sought are monetary "is not the end of the inquiry into equity" with regard to section 502(a)(3). *Id.* at 452. The Fifth Circuit concluded that even though the *Gearlds* plaintiff did not expressly plead "surcharge," the plaintiff had, in seeking equitable relief to which he was entitled, stated a plausible claim for relief. *Id.* The court remanded to the district court so that it could determine whether the plaintiff could prevail on the merits of his breach of fiduciary duty claim. *Id.*

      While the court agrees with Lopez that *Amara* and *Gearlds* changed the landscape of many section 502(a)(3) claims, neither case changes the general rule that if relief is available under section

502(a)(1)(B), equitable relief is not available under section 502(a)(3). Unlike the plaintiffs in *Amara* and *Gearlds*, who did not assert viable claims that they were entitled to benefits under their plans under section 502(a)(1)(B), there is no contention that Lopez's claim that she is entitled to benefits under her plan is improperly pled. Thus, she has a potential remedy under section 502(a)(1)(B) and is not entitled to relief under the catchall provision.

B.   **Preserving Alternative Grounds for Relief**

Lopez also argues that she is entitled to maintain her claim under section 502(a)(3) to preserve alternative ground for relief until a later stage in the litigation. Dkt. 9. She cites *North Cypress Medical Center Operating Co. v. CIGNA Healthcare* as authority. *Id.* In *North Cypress Medical Center*, the court decided to take a "more expansive approach" and allow the plaintiffs to simultaneously plead claims under both section 502(a)(1)(B) and 502(a)(3). *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healtcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011) (Ellison, J.) (finding it "premature to dismiss North Cypress' § 502(a)(3) claim solely on the basis that North Cypress has sufficiently pled a claim under § 502(a)(1)(B)"). This court, however, finds this approach inappropriate in this case because, as discussed above, no relief will be available under section 502(a)(3) even if Lopez is not ultimately successful on her claim under section 502(a)(1)(B). Both claims are based on the alleged wrongful denial of Lopez's benefits. *See* Dkt. 1. In *Tolson v. Avondale Industries, Inc.*, the Fifth Circuit fully adopted the district court's reasoning that because the plaintiff had adequate redress under section 502(a)(1), a claim for breach of fiduciary duty under section 502(a)(3) was inappropriate—even though the plaintiff did not prevail on his section 502(a)(1)(B) claim. *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also Adams v. Prudential Ins. Co. of Am.*, No. 05-2041, 2005 WL 2669550, at *2 (S.D. Tex. Oct. 19, 2005) (Rosenthal, J.) ("[F]ederal courts—including the Fifth Circuit—have concluded that if a

plaintiff can pursue plan benefits under section 1132(a)(1) [(section 502(a)(1))], she has an adequate remedy that bars a claim under section 1132(a)(3) [(section 502(a)(3))].") (collecting cases). Here, like the plaintiff in *Tolson*, Lopez has adequate redress under section 502(a)(1)(B). Liberty's motion to dismiss Lopez's claim under section 502(a)(3) of ERISA is therefore GRANTED.

## IV. CONCLUSION

Liberty's motion to dismiss Lopez's claim for equitable relief under section 502(a)(3) of ERISA (Dkt. 7) is GRANTED. This claim is hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on October 25, 2013.

_____
Gray H. Miller
United States District Judge